IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TIMETHY GIFFORD, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-cv-1066 |
| D.C.S.O. CJC, and DARON HALL, DAN WEIKAL, JAMIE JOHNSON, Cpl. J. SNIPES, C/O SAERGENT, Cpl. APPLETON, C/O HUNT, | ) Judge Campbell |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Timothy Gifford is a prisoner detained at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC"). His *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983 is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.      Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461,

466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Factual Allegations**

The complaint in this action is clearly related to another case filed by the plaintiff approximately a month ago, *Gifford v. Snipes*, Case No. 3:12-cv-959, also pending in this Court. The complaint in that case alleges that defendants Cpl. J. Snipes and C/O Saergent (also named in the current complaint) assaulted the plaintiff and are liable to him under 42 U.S.C. § 1983 for the use of excessive force. Now, in his new complaint, the plaintiff simply states that he would like "this claim to be filed on D.C.S.O. CJC, and everybody mentioned above," including defendants Snipes and Saergent, Davidson County Sheriff Daron Hall, Chief Dan Weikal, Chief Jamie Johnson, Cpl. Appleton, and C/O Hunt. (ECF No. 1, at 4.) The plaintiff states that he was "attacked and assaulted with handcuffs and struck in my head several times by persons mentioned above as Defendants." (*Id.*) He alleges that the security video "will clearly show use of unne[ce]ssary excessive force." (*Id.*) The plaintiff seeks compensatory damages for the injuries incurred.

**II.     Law and Analysis**

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff clearly alleges a violation of his right not to be subjected to the use of excessive force by jail officials. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (noting that pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment from the use of excessive force that amounts to punishment). In addition, although the complaint is somewhat vague as to who exactly was involved, the Court liberally construes the complaint to assert that all of the individually named defendants

were involved in the assault that allegedly amounted to the use of excessive force. On that basis, the Court finds that the plaintiff states a colorable claim against the individual defendants insofar as he alleges they are state actors who were personally involved in the use of excessive force against him. The claims against the individually named defendants will therefore be permitted to proceed.

With respect to the claim against the "D.C.S.O. CJC," however, the Davidson County Sheriff's Department itself is not an entity that may be sued under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2, *3 (M.D. Tenn. Aug.25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). The same reasoning applies to the CJC, which is a jail. A jail is a building in which prisoners are held. *Coffey v. Miami Cnty. Jail*, 2007 WL 316262, at *2 (S.D. Ohio, Jan 29, 2007). As such, a jail is not a "person" or legal entity amenable to suit under 42 U.S.C. § 1983. *Johnson v. Blackwelder*, 2009 WL 1392596, at *4 (E.D. Tenn., May 15, 2009). Even if the claim against the CJC could be construed as a claim against Davidson County itself, the claim fails because the plaintiff does not allege the existence of a policy or custom of the municipality that gave rise to his claims. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between municipal policy or custom and the alleged constitutional violation). The claim against the "D.C.S.O. CJC," whether the defendant is intended to be the Sheriff's Office or the CJC or both, must therefore be dismissed.

## IV.    Conclusion

The claims against the individual defendants will be permitted to proceed, but the claim against the CJC will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

*Todd Campbell*
Todd Campbell
United States District Judge