IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TIMOTHY GIFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-1066 |
| ) | |
| D.C.S.O. CJC and DARON HALL, *et al.*, ) | Judge Campbell |
| ) | |
| Defendants. ) | |

## ORDER

This is a *pro se* action in which plaintiff Timothy Gifford seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. In the order conducting the initial review of the plaintiff's complaint, the Court dismissed the claims against the Davidson County Sheriff's Office – Criminal Justice Center for failure to state a claim against that defendant for which relief could be granted.

Now before the Court is the plaintiff's Motion to Reconsider (ECF No. 10), in which the plaintiff requests reconsideration of the dismissal of that defendant on the basis that "all of the remaining defendants are employed and insur[ed] under and/or by the defendant, Davidson County Sheriff's Office – CJC." (ECF No. 10, at 1.) The plaintiff asserts, in short, that the Sheriff's Office is liable because it employed and insured the other defendants, who "maliciously and knowingly violated Plaintiff's . . . rights." (*Id.*)

The law is clear, however, that a defendant cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). That is, a defendant cannot be liable under § 1983 based solely on the fact that it employees a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The plaintiff offers no other rationale for reconsidering the Court's prior order dismissing the Davidson County Sheriff's Office – Criminal Justice Center as a defendant. The motion is therefore **DENIED**.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge